# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARI HELSTERN,<br><br>                    Plaintiff,<br><br>   vs.<br><br>CITY OF SAN DIEGO; COUNTY OF SAN DIEGO; WILLIAM LANSDOWNE; BOYD LONG; J. SHURTZ; WILLIAM GORE; and DOES 3–50,<br><br>                    Defendants. | CASE NO. 13-CV-0321-LAB (RBB)<br><br>**ORDER RE: MOTION TO STRIKE ANSWER** |

     Defendants City of San Diego, William Lansdowne, and Boyd Long answered Helstern's second amended complaint on August 29, 2013. Their answer includes 28 affirmative defenses, which Helstern has moved to strike. Much of this—both the affirmative defenses and the motion to strike them—is litigation tactics that are peripheral to the merits or progress of the case, but the motion is ready for a ruling nonetheless.

**I.    Legal Standard**

     "The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Caselaw lends

- 1 -

meaning to those adjectives. A defense is insufficient if there are no questions of fact, if any questions of law are not in dispute, and if under no set of circumstances can the defense succeed. *Schmidt v. Pentair*, 2010 WL 4607412 at *1 (N.D. Cal. 2010). Redundant allegations are those that are "needlessly repetitive or wholly foreign to the issues involved in the action." *J&J Sports Prods., Inc. v. Nguyen*, 2014 WL 60014 at *8 (N.D. Cal. Jan. 7, 2014). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). Finally, impertinent matters are those that "do not pertain, and are not necessary, to the issues in question." *Id.* Motions to strike that are brought under Rule 12(f) are generally viewed with disfavor and infrequently granted. *Freezor v. California Grills, Inc.*, 2013 WL 866505 at *1 (E.D. Cal. Mar. 7, 2013).

  The prevailing rule over the past thirty years, approximately, has been that affirmative defenses need only give a plaintiff fair notice of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). That rule has been called into question, though, ever since the Supreme Court tightened the pleading standards to demand more factual specificity in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Ear v. Empire Collection Auths.*, 2012 WL 3249514 at *1 (N.D. Cal. Aug. 7, 2012). Some district courts have extended the *Twombly* and *Iqbal* pleading standards to affirmative defenses, some have not, and the Ninth Circuit has yet to address the issue. *Id.*; *see also J&J Sports Prods, Inc. v. Scace*, 2011 WL 2132723 at *1 (S.D. Cal. May 27, 2011). Absent clear authority from the Ninth Circuit compelling the extension, this Court will continue to follow *Wyshak*. *See Scace* at *1. That position alone is probably enough to deny Helstern's motion to strike, seeing as it rests almost entirely on the argument that the Defendants' affirmative defenses must be pled with greater particularity.

**II. Discussion**

  Helstern is certainly right that Defendants' affirmative defenses are conclusory and reflect a shotgun, laundry-list, boilerplate approach to pleading. But the Defendants'

response to that is mostly right.  Helstern had over a year to research and file her complaint, and the Defendants had just 21 days to respond to it.  Naturally, then, the affirmative defenses reflect a cautious, cover-the-bases approach going into discovery, not, as Helstern suggests, a delay or harassment tactic.  To the extent Helstern thinks the affirmative defenses are factually or legally baseless, and assuming Defendants stick to them, Helstern can make her arguments at the summary judgment phase or trial.  *See Scace* at *1 ("Plaintiff's contentions that the remaining defenses fail as a factual or legal matter may be raised if Defendants raise these defense(s) by motion or at trial.").

There is one defense the Court will strike, however, and that is the Defendants' first: "Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against these answering defendants."  If that's true, Defendants shouldn't have answered Helstern's complaint but rather filed a second motion to dismiss.  The failure to state a claim isn't an affirmative defense.  *Freezor* at *2.  The Court will let all other affirmative defenses stand at this point.  It does not find that they are insufficient, redundant, immaterial, or impertinent under Rule 12(f).  The motion to strike is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED: January 22, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge